UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUAN MALDONADO ) | CIVIL ACTION |
|     Plaintiff ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| LVNV FUNDING, LLC., EXPERIAN ) | |
| INFORMATION SOLUTIONS, INC., AND ) | |
| EQUIFAX INFORMATION SERVICES LLC ) | |
|     Defendants ) | |
| ) | OCTOBER 24, 2014 |

## I. INTRODUCTION

1. This is a suit brought by a consumer, Juan Maldonado, against Defendants LVNV Funding, LLC ("LVNV"), Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Equifax") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and with respect to LVNV, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*

2. Plaintiff, Juan Maldonado, is a natural person residing in Ellington, Connecticut, and he is a consumer within the meaning of the FDCPA and FCRA.

3. Defendant LVNV is a Delaware limited liability company located in Nevada, and it is a debt collector within the meaning of the FDCPA and is a "furnisher" as that term is defined by the FCRA.

4. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, located in California and is a "consumer reporting agency" as that term is defined by the FCRA.

5. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia corporation located in Atlanta and is a "consumer reporting agency" as that term is defined by the FCRA.

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 15, U.S.C. 1692k, and § 28 U.S.C. §§ 1331.

7. This Court has jurisdiction over the defendants because they regularly conduct business in this state.

8. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the violations that are the subject of this litigation occurred within this State.

10. Prior to June 8, 2009, HSBC Bank claimed certain consumer debt or debts (the "Debt") against Plaintiff which Debt was disputed by Plaintiff.

11. Plaintiff commenced a civil action against HSBC in which he challenged the Debt.

12. Plaintiff and HSBC entered into an agreement (the "Settlement Agreement") to settle the claim, which agreement provided that the Debt was canceled.

13. LVNV subsequently began to report to Experian and to Equifax that it was the assignee of the Debt.

14. Plaintiff disputed the debt to LVNV and informed it of the Settlement Agreement.

15. LVNV continued to report the Debt to Experian and to Equifax.

16. On April 15, 2014, Plaintiff sent Experian a letter in which he advised that he disputed the Debt, and he provided Experian with a copy of the Settlement Agreement.

17. Experian continued to include the Debt, as reported by LVNV, on Plaintiff's report.

18. Subsequently, Plaintiff applied to American Express for a credit card.

19. American Express denied Plaintiff's application based, in part, upon the continued reporting of the Debt on Plaintiff's Experian report.

20. On April 15, 2014, Plaintiff sent Equifax a letter in which he advised that he disputed the Debt, and he provided Equifax with a copy of the Settlement Agreement.

21. Equifax continued to include the Debt, as reported by LVNV, on Plaintiff's report.

22. Subsequently, Plaintiff applied to Wells Fargo Bank for credit.

23. Wells Fargo denied Plaintiff's application based, in part, upon the continued reporting of the Debt on Plaintiff's Equifax report.

24. Pursuant to FCRA § 1681i, Experian has a duty to perform a reasonable investigation in response to consumer disputes, such as the dispute Plaintiff lodged with Experian.

25. Experian violated FCRA § 1681i by failing to properly investigate Plaintiff's disputes of the LVNV account when requested to do so.

26. Experian's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to LVNV constitute willful and/or negligent violations of FCRA § 1681i.

27. When preparing a credit report regarding a consumer, Experian is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure

maximum possible accuracy of the information concerning the individual about whom the report relates.

28. As a result of Experian's failure to comply with the mandates of the FCRA, Plaintiff was denied credit with American Express.

29. For its willful violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

30. For its negligent violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

31. Pursuant to FCRA § 1681i, Equifax has a duty to perform a reasonable investigation in response to consumer disputes, such as that which Plaintiff lodged with Equifax.

32. Equifax violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the LVNV account when requested to do so.

33. Equifax's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to LVNV constitute willful and/or negligent violations of FCRA § 1681i.

34. When preparing a credit report regarding a consumer, Equifax is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

35. As a result of Equifax's failure to comply with the mandates of the FCRA, Plaintiff was denied credit with Wells Fargo.

36. For its willful violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

37. For its negligent violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

38. Pursuant to FCRA § 1681s-2(b), LVNV bears a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Experian and Equifax.  LVNV knew or should have known, when it received notice of Plaintiff's dispute of the respective account from Experian and Equifax that Plaintiff disputed the account because LVNV had received notice of Plaintiff's dispute.

39. LVNV violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's disputes when requested to do so by Experian and Equifax, and by failing to inform the consumer reporting agencies that Plaintiff disputed the debt in response to the investigation that Plaintiff disputed the account.

40. LVNV's failure to correct the disputed information and its continued reports to the credit reporting agencies stating Plaintiff's debts were past due constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

41. As a result of LVNV's failure to correct the disputed information, Plaintiff was denied credit by American Express, Wells Fargo, and he has been hindered in his attempts to obtain a mortgage.

42. For its willful violations of the FCRA, LVNV is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

43. For its negligent violations of the FCRA, LVNV is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

44. LVNV's continued reporting of the account is a violation of the FDCPA, 15 U.S.C. § 1692e, in that it has made false statements regarding the Debt by claiming that it is owed.

45. LVNV is liable for actual damages, additional damages of up to $1,000, and attorney's fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff seeks actual, statutory, and punitive damages, costs, and a reasonable attorney's fee.

                PLAINTIFF, JUAN MALDONADO

By:   /s/ Daniel S. Blinn_____
     Daniel S. Blinn, Fed Bar No. ct02188
     Consumer Law Group, LLC
     35 Cold Spring Rd. Suite 512
     Rocky Hill, CT  06067
     Tel. (860) 571-0408 Fax. (860) 571-7457
     dblinn@consumerlawgroup.com